*644
SUMMARY ORDER

Leonel Armando Lemus-Lemus, a native and citizen of Guatemala, seeks review of a September 22, 2008 order of the BIA affirming the November 29, 2007 decision of Immigration Judge (“IJ”) Michael W. Straus, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Leonel Armando Lemus-Lemus, No. A200 050 013 (B.I.A. Sept. 22, 2008), aff'g No. A200 050 013 (Immig. Ct. Hartford, Conn. Nov. 29, 2007). We assume the parties’ familiarity with the underlying facts and procedural history of this case.
When the BIA does not expressly “adopt” the IJ’s decision, but its brief opinion closely tracks the IJ’s reasoning, we may consider both the IJ’s and the BIA’s opinions “for the sake of completeness.” Zaman v. Mukasey, 514 F.3d 233, 237 (2d Cir.2008) (per curiam) (internal quotation marks omitted). We review the agency’s factual findings under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). Questions of law and the application of law to undisputed fact are reviewed de novo. See Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
I. Asylum & Withholding of Removal
A. Religion — Adverse Credibility Finding
In denying Lemus-Lemus’s application for asylum and withholding of removal, we find that the agency did not err in finding that he failed to show a nexus to a protected ground. See 8 U.S.C. § 1158(b)(l)(B)(i). Substantial evidence supports the agency’s conclusion that Le-mus-Lemus was not credible in his statements that he was mistreated by the Marasalvatrucha on account of his religion. The agency reasonably relied on the omission from Lemus-Lemus’s credible fear interview of his alleged activities evangelizing and converting Marasalvatrucha members. See Xiu Xia Lin v. Mukasey, 534 F.3d 162, 167 (2d Cir.2008) (per curiam) (This Court “defer[s] ... to an IJ’s credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling.”). Indeed, while Lemus-Lemus testified that when he was attacked by gang members he was told to stop evangelizing, he failed to mention any evangelizing activities in his credible fear interview. Lemus-Lemus does not challenge the accuracy or reliability of the credible fear interview, and the interview represents a “sufficiently accurate record” of his responses. Ramsameachire v. Ashcroft, 357 F.3d 169, 179 (2d Cir.2004). Therefore, the agency did not err in relying on Lemus-Lemus’s failure to mention his evangelizing activities in his credible fear interview as a basis for its adverse credibility determination. See id. at 180-81 (“Where the alien’s airport statements and his or her later testimony present materially different accounts of his or her purported persecution, ... the inconsistencies may render the alien’s testimony incredible.”).
B. Membership in a Particular Social Group
In addition, the agency did not err in concluding that Lemus-Lemus was not eligible for relief based on his membership in the group of “young men who reject a gang lifestyle,” as he failed to establish that this is a “particular social group” within the meaning of the Immigration and Nationality Act. See 8 U.S.C. §§ 1101(a)(42), 1158(b)(l)(B)(i).
In Ucelo-Gomez v. Mukasey, we agreed with the BIA’s holding that in order to *645 constitute a particular social group, a proposed group must: (1) exhibit a shared characteristic that is socially visible to others in the community; and (2) be defined with sufficient particularity. 509 F.3d 70, 73 (2d Cir.2007) (per curiam) (citing Matter of A-M-E & J-G-U-, 24 I. & N. Dec. 69, 74-76 (B.I.A.2007)). Applying that framework in Matter of S-E-G-, 24 I. & N. Dec. 579 (B.I.A.2008), the BIA considered the cases of applicants from El Salvador who, like Lemus-Lemus, claimed eligibility for asylum based on their membership in the particular social group of young men who resisted recruitment by gangs. The BIA concluded that the proposed group did not satisfy the “particularity” and “social visibility” test set forth in Matter of A-M-E & J-G-U, in part because “victims of gang violence come fi’om all segments of society, and it is difficult to conclude that any ‘group,’ as actually perceived by the criminal gangs, is much narrower than the general population of El Salvador.” Id. at 586-88; see also Matter of E-A-G- 24 I. & N. Dec. 591, 594 (B.I.A.2007).
Precedential BIA decisions such as these are entitled to Chevron deference, unless “plainly erroneous or inconsistent with the regulation.” See Yuen Jin v. Mukasey, 538 F.3d 143, 150 (2d Cir.2008) (internal quotation marks omitted). Here, we defer to the agency’s interpretation of the statute as announced in Matter of SE-G- and Matter of E-A-G-. Because those decisions consider proposed social groups that are virtually indistinguishable from the group proposed here, we conclude that Lemus-Lemus’s social group claim based on his resistance to gang recruitment fails.
II. CAT Relief
Lemus-Lemus fails to challenge the agency’s finding that no record evidence indicated that the government was willfully blind to or would acquiesce in his torture by the Marasalvatrucha. See Khouzam v. Ashcroft, 361 F.3d 161, 171 (2d Cir.2004) (“[T]orture requires only that government officials know of or remain willfully blind to an act and thereafter breach their legal responsibility to prevent it.”). Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal in the absence of manifest injustice. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Because Le-mus-Lemus failed to address this finding, we deem any challenge to this finding waived. See id.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).